# United States District Court
**Eastern District of California**



UNITED STATES OF AMERICA
V.
Kent Arthur COX

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:09-mj-98-DLB

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. Between the dates of on or about November 12, 2008, through on or about February 6, 2009, in the County of Fresno, State and Eastern District of California, the defendant did,

use the mail or any facility or means of interstate or foreign commerce of the United States to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, and

Knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including the computer, the producing of such visual depictions involving the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, and

Knowingly distribute/receive via Interstate or foreign commerce, material involving the sexual exploitation of children;

in violation of Title 18, United States Code, Sections 2422(b), 2252(a)(4) and 2252(a)(2). I further state that I am a Senior Special Agent with the U.S Department of Homeland Security-ICE, and that this complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT OF SENIOR SPECIAL AGENT MIKE PRADO

X Continued on the attached sheet and made a part hereof.

Signature of Complainant
**Senior Special Agent Mike Prado**
U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence

| April 13, 2009 | at | Fresno, California |
|---|---|---|
| *(Date)* | | *(City and State)* |

Name & Title of Judicial Officer    Signature of Judicial Officer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Re: In Support of
Criminal Complaint

Kent Arthur COX
Kerman, California 93630

## AFFIDAVIT

I, Mike Prado, being duly sworn, hereby depose and state as follows:

1. I am a Senior Special Agent with the Department of Homeland Security, United States Immigration and Customs Enforcement (ICE), presently assigned to the Office of the Resident Agent in Charge, Fresno, California (RAC/Fresno). I have been employed as an ICE Special Agent for over six and a half years. As part of my daily duties as an ICE special agent, I investigate criminal violations relating to child sexual exploitation, including violations pertaining to the enticement or coercion of a person under the age of eighteen to engage in unlawful sexual activity via the Internet, in violation of 18 U.S.C. § 2422(b), and the Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4). I have received training and have investigative experience in the area of online child sexual exploitation, including the investigation of the aforementioned statutes, previously resulting in the apprehension and prosecution of subjects who have violated the aforementioned statutes. I am a graduate of the Federal Law Enforcement Training Center's Criminal Investigator Training

1

Program and the United States Customs Service Basic Enforcement School. As part of my duties as an ICE Special Agent I have also been detailed to the ICE Cyber Crimes Center (C3) in Fairfax, Virginia to instruct other agents in the interview and interrogation of child sexual predators. In March 2005 and July 2006 I attended advanced training courses related to the investigation of child pornography and other forms of child sexual exploitation, conducted by the United States Department of Justice at the National Advocacy Center in Columbia, South Carolina. In September 2005 I attended advanced training related to the investigation of online child sexual exploitation at the ICE Cyber Crimes Center in Fairfax, Virginia. In December 2005 I attended training at the National Center for Missing & Exploited Children related to the investigation of Internet child pornography. In May 2006, I was awarded a national award by the United States Attorney General and the National Center for Missing & Exploited Children for investigations I have conducted related to child pornography and child sexual exploitation. During the course of my duties I have been the investigating officer and Affiant of approximately eighty applications for Criminal Complaint relating to numerous federal child pornography and/or child sexual exploitation investigations. I am a magna cum laude graduate from Sonoma State University with a Bachelor's Degree in History. Prior to becoming an ICE Special Agent, I was employed as a Supervising Investigator with the Tulare County (California) District Attorney's Office.

2. This affidavit is made in support of a criminal complaint for Kent Arthur COX of Kerman, California for violating the following federal statutes:

   a. 18 U.S.C. § 2422(b), which makes it a crime for any person to use the mail or any facility or means of interstate or foreign commerce of the United States to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, and

   b. 18 U.S.C. § 2252(a)(4), which makes it a crime for any person to knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including computer, the producing of such visual depictions involving the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, and

   c. 18 U.S.C. § 2252(a)(2), which makes it a crime for any person to receive or distribute material involving the sexual exploitation of children.

   3. The information contained in this affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and/or agents.

   4. On the morning of February 6, 2009, at approximately 0710 hours, ICE/Fresno agents, along with Fresno Internet Crimes Against Children (ICAC) Task Force members from the Kerman, Tulare and Clovis Police Departments, and the Fresno County Sheriff's Office, executed a search warrant at the residence of Kent Arthur COX, located at 787 S. Kenneth Avenue, Kerman, CA. The search warrant was issued pursuant to an ongoing Internet

child sexual exploitation investigation of COX initiated in November 2008. During the investigation COX was identified as an individual who was engaging an undercover officer posing as a 14 year old child in sexually explicit online chat conversations and transmitting images of himself masturbating to the undercover officer. COX also previously distributed images of child erotica, namely images of scantily clad pubescent and prepubescent children. Prior to the execution of the search warrant documentation had been provided to your Affiant by the undercover officer, who is employed as a detective with the Kenner Police Department in Jefferson Parish, Louisiana. Among the evidence compiled by the undercover detective and reviewed by your Affiant were numerous sexually explicit chat logs from Yahoo! Instant Messenger between a subject positively identified as COX and the undercover officer, who was posing as a fourteen year old female child. The sexually explicit chat conversations encompass the time frame of November 12, 2008, through at least January 20, 2009. Among the online conversations that occurred between COX and the undercover officer were numerous and repeated inquiries by COX to the officer, whom he believed to be fourteen years of age, related to the child's sexual activity, level of sexual arousal and whether or not she would be willing to engage in oral and vaginal intercourse with him. Furthermore, COX also requested that the "child" photograph herself for him. In addition, evidence of the transmission of images of an individual, later positively identified as COX, masturbating were sent to the undercover officer by the suspect. A review of the images sent by COX included images of his face, which were positively matched to COX via a review of his DMV photograph and a photograph of the subject found online when he was sworn into his position as Building Inspector with the City

4

of Kerman. In addition, your Affiant met face to face with COX on February 6, 2009 and verified he was the same person in the images distributed to Louisiana. In addition, the background found in the sexually explicit images distributed by COX were found to match the interior of COX'S residence, located at 787 South Kenneth, Kerman, CA, during the execution of the aforementioned search warrant.

5. During a search of the residence, your Affiant observed furniture and background that precisely coincided with images observed by your Affiant in the background of Web camera transmissions by COX while he masturbated that were sent to the undercover officer in Louisiana. Specifically I observed in COX'S residence distinctly painted red and gold walls in the interior of the residence, as well as a brown sofa in the living room area and distinctly patterned bedding in the master bedroom that were previously seen in the aforementioned Web camera transmissions. Based on these observations it is apparent to your Affiant that the Webcam transmissions occurred from within the residence located at 787 South Kenneth, Kerman, California.

6. As the search of the residence commenced, your Affiant and Sergeant Ron Madruga of the Kerman Police Department searched for and located COX, who was not home at the time the search warrant was executed. COX was found at his office, which is at the Kerman city yard in Kerman, CA. Your Affiant and Sgt. Madruga were invited by COX into his office, whereupon they identified themselves to COX and requested to speak to him. COX agreed and a tape recording device was then turned on in the presence of, and with the consent of, COX. COX was informed that although he was not under arrest he would nonetheless be advised of his rights, per Miranda, which he waived verbally and in writing.

7. At the beginning of the interview COX was informed that a search warrant was being executed at his residence. When asked if he had any idea why agents would be searching his residence, COX guessed that it might be related to his activity on the Internet. COX then stated he also engages in Internet chat sessions. COX specified that he owns three computers, a Dell laptop that he obtained in December 2008, a desktop computer and an older laptop located in a closet in the office. During the interview COX stated that none of the computers were password protected and that he was the only one who used them. COX stated that for the past three years he has had Internet access via Comcast, which he stated is the same length of time he has resided at 787 S. Kenneth Avenue, Kerman, CA. COX further stated that his wife works in Southern California and commutes every other weekend, thereby leaving COX alone for large amounts of time, and has done so since the end of 2007.

8. When asked if agents would find any illegal material on any of his computers COX stated that there was "a chance" that illegal material would be found. COX explained that in the past he had received images of child pornography, initially stating that they were sent to him unsolicited and that he may have "inadvertently" saved some of the images in the past. COX initially stated that this has occurred on multiple occasions. COX then estimated he had received as many as 15 images of child pornography at one time, but continued to indicate that the images he received were unsolicited and unwanted, most recently five months ago.

9. During the interview COX stated that he regularly chats with persons via Yahoo! Instant Messenger using a variety of Yahoo! user names, including those previously identified during

the aforementioned undercover investigation initiated by the Kenner (LA) Police Department.

10.  When COX was further questioned regarding his online activity COX admitted purposely saving images of scantily clad female children around 7 or 8 years of age, and then admitted that he may have previously saved four or five nude images of girls under the age of eighteen. COX could not initially explain why he saved any of the images.

11.  COX then stated that located on a thumb drive in his residence agents would find approximately five to six nude pictures of pubescent children that he purposely saved, along with images of scantily clothed children between the ages of 12 and 18 years of age. COX explained that he saved the images because he uses them to trade for similar pictures with other people he meets online in chat rooms. COX later stated that he backed up the images on the thumb drive from his laptop hard drive, because he didn't want to lose them and that he "enjoyed" looking at those images. COX specified that the majority of his illicit activity took place on his older laptop computer, which he stated was located in a closet of his home office.

12.  During the conversation COX admitted receiving from other persons he chatted with images of hardcore child pornography, namely images of prepubescent and pubescent girls performing oral sex on adult males. Among the images COX has also admitted to possessing and previously distributing to others is an image of a girl COX estimated to be five years of age who appeared to have been ejaculated onto.

13.  COX also admitted that he sometimes fantasizes about engaging in incestuous relationships with children, specifically a fictional daughter that he would make up when chatting with other like-minded individuals. COX was then asked about his

7

actual daughter, who is now an adult, and adamantly denied ever molesting her or fantasizing sexually about her. COX then admitted to also having sexual fantasies about girls as young as 12 years of age and has fantasized about inviting a young child into his garage and molesting her. COX denied ever actually doing so and repeatedly denied ever molesting a child. COX further stated that he has found such conversation sexually arousing and masturbated during those conversations that were related to the sexual abuse of children.

14. COX stated he has been viewing child pornography since approximately 1996 and that for the past two to three years he has been saving and trading images of child erotica and child pornography, including images of girls as young as 10 years of age.

15. COX was also questioned about his activity related to Yahoo! Instant Messenger. COX admitted to engaging in a sexually explicit online conversation with a girl in New Orleans, and identified the screen name known to have been used by the undercover officer in Louisiana. COX stated that to his knowledge the girl was 18 years of age, but when further questioned admitted that he was aware she was 14 years old because she had told him that. COX further admitted to engaging in similarly sexually explicit conversation with a sixteen year old girl in Missouri and admitted to sending pictures of scantily clad images of children to both the girl in Louisiana and in Missouri. COX also stated he may have sent images of nude children to the girl in Missouri and stated he did so in an effort to sexually arouse the girls he was chatting with. COX also admitted asking both girls if they were touching themselves sexually and also admitted that he asked them to touch themselves in a sexual manner. COX also estimated that he

chatted with the girl in Missouri approximately one half dozen times. COX later stated that in his estimation he has engaged in sexually explicit chat conversations with 30 to 40 different girls in the past 5 years and has masturbated for approximately one dozen of them.

16. COX stated that he engaged in such conduct to "fill a void" that he stated was due to a lack of sexual activity with his wife. When further questioned about why he would fill such a void by using children as the object of his sexual desire COX subsequently admitted that he is sexually attracted to pubescent female girls and finds their "innocence" and ongoing sexual development arousing. During the interview COX stated that in his opinion most men would get aroused looking at images of 12 to 13 year old girls, just like he does, but do not admit it.

17. COX admitted to your Affiant that he has previously printed out images of scantily clad children and masturbated to them, subsequently ejaculating onto the photographs but stated he later threw the pictures away. COX also admitted to viewing the images located on the thumb drive and hard drives of his computers and later masturbating in the shower to visualizations in his mind of the images of the children in the photographs. COX later admitted receiving child pornography videos containing "hardcore" sexual activity, specifically acts of oral sex.

18. During the interview COX stated that he was excited about trading both child erotica and child pornography images and wanted to see how far he could go and what he could get away with without being caught. COX admitted he was aware that the children in the images are real children being abused and that it is illegal to possess such images, and also admitted he was aware it was illegal to engage in sexually explicit

conversations online with children and masturbate in front of them.

19. During the interview COX also confirmed that he engaged in a sexually explicit telephone conversation with the 14 year old girl in Louisiana via his cell phone. It should be noted that a tape recorded copy of this conversation has been previously obtained by your Affiant from the Kenner Police Department in furtherance of this investigation.

20. Towards the conclusion of the interview COX provided a written statement in which he admitted receiving and trading images of girls ages 10 to 18 years of age, including nude images. COX also admitted previously receiving video clips of child pornography in which children were observed performing oral sex. COX also wrote that he previously exposed himself on a Webcam to a girl located in Louisiana.

21. During the interview agents conducted a search of COX'S residence and located and seized multiple items of potential evidentiary value. According to Clovis Police Department Detective Dustin Dodd, a trained computer forensic examiner, multiple images of child pornography have thus far been found on COX'S laptop computer located in his home office closet. DODD stated that the images include prepubescent images of girls posed in sexually explicit manners and also include images of female children performing oral sex. In addition, an image of a nude prepubescent child with what appears to be semen on her face and body has been located saved on the hard drive of the computer. Furthermore, the aforementioned thumb drive, which was located in a closet hallway desk drawer, was located and subsequently reviewed by Detective Dodd. According to Detective Dodd, the thumb drive included well over one hundred images of child erotica, namely scantily clad prepubescent and

pubescent females, as well as at least four child pornography images, including what appear to be two still images obtained from Web cameras of two separate females between the ages of 12 and 15 years of age masturbating. One of the images is labeled "Chelsea."

22. When later questioned about Detective Dodd's findings, including the image labeled Chelsea, COX admitted to previously chatting with a girl named Chelsea and possibly received an image of her masturbating. COX also admitted that the images found on the hard drive of his laptop and on his thumb drive belonged to him and were placed there by him despite his knowledge that such conduct was illegal.

23. Computer forensics has since been completed by Detective Dodd of the Clovis Police Department at their computer forensic laboratory. In furtherance of this investigation, Detective Dodd has provided a narrative report, along with a copy of his forensic examination, that details his findings. According to Detective Dodd, during his examination he located numerous saved images of child pornography and child erotica. Specifically, Detective Dodd located approximately 27 images of child pornography, as defined by 18 USC 2256, on the thumb drive seized from COX. The images include prepubescent and pubescent females, nude and posing or engaging in sexually explicit manners/conduct. There is also an image of a prepubescent female with what appears to be male ejaculate on her face. Also located on the thumb drive were over 400 images of child erotica, including images of prepubescent girls posed provocatively while wearing bathing suits or were otherwise scantily clad. Located on a laptop computer seized from COX was at least one child pornography movie file depicting a minor female showering and which focuses on the breasts and vaginal

area of the child. In addition, Detective Dodd located on two desktop computers seized from COX evidence of use of Yahoo! Instant Messenger, primarily via the username SUPERBEE0704, which has been previously established as the account utilized by COX to graphically communicate with the undercover detective involved in this investigation. In addition, thirteen images of adult pornography were also found on a City of Kerman computer operated by COX.

24. Because this affidavit is written solely for the purpose of establishing probable cause for issuance of a criminal complaint, not all results of this investigation have been included herein. Thus, based upon the above information, I submit there is probable cause to believe that Kent Arthur COX, has violated 18 U.S.C. 2422(b), which makes it a crime for any person to use the mail or any facility or means of interstate or foreign commerce of the United States to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, and 18 U.S.C. 2252(a)(4), which makes it a crime for any person to knowingly possess one or more books, periodicals, films, videotapes, or other matter which contains any visual depiction that has been mailed, or has been shipped or transported, by any means, including computer, the producing of such visual depictions involving the use of a minor engaging in sexually explicit conduct and such visual depiction was of such conduct, and 18 U.S.C. Section 2252(a)(2), which makes it a crime for any person to receive or distribute material involving the sexual exploitation of children.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
Mike Prado, Senior Special Agent
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

Sworn to before me, and subscribed in my presence,
This __13__ day of April 2009

_____
United States Magistrate Judge